UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARK, an Oregon nonprofit corporation,

       Plaintiff,

      v.

UNITED STATES FOREST SERVICE,
an agency of the United States Department of
Agriculture

       Defendant.

Civil No. 06-999-HA

ORDER

HAGGERTY, Chief Judge:

      Plaintiff has filed a Motion For Temporary Restraining Order and Preliminary Injunction [10].  Plaintiff asks the court to enjoin defendant from implementing the "Eightmile Salvage Timber Sale" located in the Mount Hood National Forest.  Oral Argument was heard on September 15, 2006.

**MOTION TO EXCLUDE**

      At the outset, this court addresses defendant's objections to certain exhibits.  Defendant objects to Exhibit 1 to the Declaration of Alex P. Brown, which includes several

1  -  ORDER

photographs of the "Tap Salvage Sale."  *See* Df.'s Mem. in Opp. at 6, n.2.  The court construes this objection as a Motion to Exclude Plaintiff's Exhibit 1 to the Declaration of Alex P. Brown.  Defendant argues that the court should exclude this exhibit, which was presented to show what the Eightmile Salvage Project might look like when complete.  Defendant claims that these photographs are irrelevant because the Tap Salvage Sale is dissimilar to the Eightmile Salvage Project.

The court concludes that the two salvage projects are sufficiently similar.  Accordingly, Exhibit 1 to the Declaration of Alex P. Brown is received.  Any question regarding the degree of similarity between the projects goes to the probative value of the exhibit and not to the admissibility of the exhibit.

**TEMPORARY RESTRAINING ORDER**

The primary purpose of the September 15 hearing was to hear arguments on plaintiff's Motion for Temporary Restraining Order.  To obtain a temporary restraining order or preliminary injunction, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and the balance of hardship tipping in plaintiff's favor.  *Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994); *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992); *Half Moon Bay Fishermans' Mktg. Ass'n v. Carlucci*, 857 F.2d 505, 507 (9th Cir. 1988); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381 (9th Cir. 1987).

These formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  *United States v. Odessa Union Warehouse Co-Op*, 833 F.2d 172, 174 (9th Cir. 1987).  The Ninth Circuit reasoned that this really describes one test, "a continuum in which the required showing of

harm varies inversely with the required showing of meritoriousness." *San Diego Comm. Against Registration and the Draft v. Governing Bd. of Grossmont Union High Sch. Dist.*, 790 F.2d 1471, 1473 n.3 (9th Cir. 1986).

In challenging the implementation of this salvage project, plaintiff must show a likelihood of success on the issue of whether the Eightmile Salvage Project violates the National Forest Management Act. Plaintiff is unable to do so. The Eightmile Salvage Project is in accordance with the Northwest Forest Plan's mandate that the Forest Service manage areas of the Surveyors Ridge Late Successional Reserve in order to protect and enhance old-growth forest conditions. Furthermore, plaintiff has not demonstrated the likelihood of irreparable harm if this salvage project is allowed to continue.

## **CONCLUSION**

The court construes defendant's objection to certain exhibits as a Motion to Exclude Plaintiff's Exhibit 1 to the Declaration of Alex P. Brown and denies this Motion. This court also concludes that plaintiff has failed to meet its burden of demonstrating a likelihood of success on the merits and the possibility of irreparable harm necessary for obtaining a temporary restraining order. Accordingly, plaintiff's Motion for Temporary Restraining Order [10] is denied.

IT IS SO ORDERED.

DATED this _22____ day of September, 2006.

                                        ____/s/ Ancer L. Haggerty_____
                                              Ancer L. Haggerty
                                        United States District Judge

3 - ORDER